# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY L. McGOWAN, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-01083 |
| ) | |
| DERRICK SCHOFIELD et al., ) | Judge Nixon |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Before the Court is petitioner Johnny McGowan Jr.'s petition for the writ of habeas corpus "*Ad Testificandum.*" (ECF No. 1.) The $5.00 filing fee that pertains to habeas corpus petitions has been paid in full, and the action has been reinstated after having initially been dismissed for failure to prosecute.

The petitioner alleges that various Tennessee Department of Correction ("TDOC") officials have committed federal crimes, specifically that they have violated 18 U.S.C. § 242, which concerns the deprivation of civil rights under color of law based on a person's race, color, or national origin. The petitioner seeks an order directing that he be brought before a "federal magistrate so that he may testify as to federal crimes committed against him by Commissioner Schofield, Deputy Commissioner Jason Woodall, Assistant Commissioner Tony Parker, and Brandon Maloney," all TDOC employees. (ECF No. 1, at 1.) The petitioner also asks the Court to allow him to "testify as to federal crimes committed against him to District Attorney General Glenn R. Funk and Grand Jury Foreman Stan Fossick" (*id.*), which the Court construes as a request that the petitioner be permitted to testify before the Davidson County Grand Jury

regarding the alleged criminal violations by the various TDOC officials.

In support of his demands, the petitioner alleges that the named parties have repeatedly denied him access to the courts and the criminal justice system, because each time he has filed felony criminal charges against Schofield, Woodall, Parker, and other TDOC officials and sought to testify before the grand jury of the county in which he is incarcerated, pursuant to Tenn. Code Ann. § 40-12-104, TDOC employee Brandon Maloney, at the behest of Schofield, Woodall, and Parker, has had the petitioner transferred to a different prison in a different judicial district, thus depriving the petitioner of the right to testify before the grand jury. He specifically alleges that he has repeatedly been denied the right to testify before the Davidson County Grand Jury.

The Court presumes that the petitioner seeks to institute this action under 28 U.S.C. § 2241(c)(5), which authorizes the district court to issue a writ of habeas corpus commanding that a prisoner be delivered to the court "to testify or for trial." The provision codifies the common law authority of federal courts to issue writs of habeas corpus *ad testificandum* and *ad prosequendum*. *Barnes v. Black*, 544 F.3d 807, 809 (7th Cir. 2008) (citations omitted). "These writs can be used to get a prisoner into the district court from anywhere in the country, and from a state facility as well as a federal one." *Id.* (citations omitted). The statute has generally been construed to authorize federal courts to issue a writ of habeas corpus *ad testificandum* to secure the appearance of a state or federal prisoner as a witness in the federal court issuing the writ. *See, e.g.*, *United States v. Cruz-Jiminez*, 977 F.2d 95, 99 (3d Cir. 1992) ("[A] federal court may, in its discretion, issue a writ of habeas corpus ad testificandum to secure the appearance of a state or federal prisoner as a witness in federal court.").

Insofar as the petitioner seeks the writ for the purpose of testifying in this Court, the

petition fails to state a claim for which relief may be granted, in particular because there is no action pending in this Court in which the petitioner could be permitted to testify. *Cf. Barnes*, 544 F.3d at 811 (noting that, in filing a § 2241(c)(5) petition, "the petitioner is not seeking his freedom by asking for such a writ and the real proceeding is *another case altogether*" (emphasis added)); *Yager v. Thomas*, 318 F.2d 406, 406 (6th Cir. 1963) (affirming denial of petition for writ of habeas corpus *ad testificandum* where the petitioner sought an order directing state prison authorities to bring him before a Federal Grand Jury to give evidence about tax-law violations by undisclosed persons on the basis that "[n]o Grand Jury has been convened to consider the subject of this petitioner's claimed knowledge"); *Duncan v. State of Me.*, 295 F.2d 528, 530 (1st Cir. 1961) (holding that the district court had correctly dismissed the petitioner's "application for habeas ad testificandum on the ground that there was no proceeding pending in court in which [he] could testify").

Insofar as the petitioner seeks the writ for the purpose of testifying before a *state* grand jury, the petition fails to state a claim, again, because the petitioner does not identify a specific proceeding, before a grand jury or otherwise, in which he should be permitted to testify. Moreover, while there is some authority to support the proposition that federal courts have the power under § 2241(c)(5) to issue writs of habeas corpus *ad testificandum* at the request of state prosecutorial authorities to permit a prisoner in *federal* custody to give testimony in a state proceeding, *see, e.g.*, *Barber v. Page*, 390 U.S. 719, 724 (1968), the statute does not appear to authorize a federal court to compel a *state* prisoner's attendance at a *state* proceeding.

Finally, the Court notes that while the petitioner apparently has a right under state law to submit an *application* to present evidence before the grand jury, he does not have an absolute right to present a case to a grand jury. *In re Death of Reed*, 770 S.W.2d 557, 560–61 (Tenn. Ct.

Crim. App. 1989); *see also* Tenn. Code Ann. § 40-12-105 (describing the notice of grand jury meeting that must inform the public of the grand jurors' "duty . . . to investigate any public offense" and that "[a]ny person having knowledge or proof that an offense has been committed may *apply to testify* before the grand jury" (emphasis added)). In this case, the petitioner does not identify what efforts he has taken to apply to testify before the grand jury under Tenn. Code Ann. § 40-12-104, nor does he suggest that the grand jury has granted any such request. Under state law, a grand jury panel's decision not to permit an applicant to present his case to the full grand jury is final. *See In re Death of Reed*, 770 S.W.2d at 560–61 ("[T]he appellants were not entitled to present their evidence and witnesses to a grand jury. It is provided by statute that the decision of the grand jury panel is final. Having made application to present their case to the grand jury, and the panel having decided not to permit the appellant[s] to present their case to the full grand jury, the right of the appellants to be heard by a grand jury was terminated." (citing Tenn. Code Ann. § 40-12-104(c)).

In sum, because the petitioner does not identify any proceeding in which he should be permitted to testify or show that this Court has the authority to compel state officials to transport the petitioner to a state court proceeding, his petition for the writ of habeas corpus *ad testificandum* will be denied and dismissed for failure to state a colorable claim for relief. Further, because the petitioner has not made a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), the Court will deny a certificate of appealability.

An appropriate order is filed herewith.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT